**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>NADLER & DARWISH LLC<br><br>Debtor | Chapter 11<br>Case No. 16-12820-MSH |

**ORDER ON MOTION OF NADLER & DARWISH LLC TO COMPEL RELEASE OF INSURANCE PROCEEDS**

The debtor in this case, Nadler & Darwish LLC, filed a motion seeking an order requiring Mechanics Cooperative Bank, holder of two mortgages on the debtor's property at 967-975 North Main Street in Randolph, Massachusetts, to release insurance proceeds totaling approximately $165,000 paid for fire damage to the property. The insurance company issued a check for these proceeds payable jointly to the debtor, the bank and the insurance adjuster on August 2, 2016. When the debtor demanded the bank endorse the check and deliver it to the debtor so it could begin construction work to repair the property, the bank refused. This precipitated the debtor's motion.

The debtor was unaware when it filed its motion that on August 10, 2016, the bank endorsed the check on behalf of the debtor, deposited it and distributed the insurance proceeds, first to pay certain casualty related expenses, including the adjuster's commission, and then to reduce the debtor's outstanding loan obligations to the bank. At the hearing on its motion, having since learned of this state of affairs, the debtor acknowledged that its demand that the bank be required to endorse the insurance check and deliver it to the debtor could no longer be met. The debtor demanded instead that the bank be ordered to repay the amount of the check, less the adjuster's commission, to the debtor. The debtor insists that the check was property of its

bankruptcy estate and that the bank's exercising control over it without obtaining relief from the automatic stay was impermissible and a stay violation to boot.

At the hearing I ruled that there could have been no stay violation by the bank nor could the insurance proceeds have been property of the bankruptcy estate because the debtor's case had been dismissed on August 1, 2016, and not reinstated until September 1, 2016, when I granted the debtor's motion to vacate the order of dismissal. All the events of which the debtor complained occurred during the period when no bankruptcy case was pending. Reinstatement of a bankruptcy case does not retroactively impose the automatic stay. *Canter v. Canter (In re Canter)*, 299 F.3d 1150, 1155 n.1 (9th Cir. 2002).

The only issue I felt needed further development before I could definitively rule on the debtor's motion was whether the bank had a legal right under non-bankruptcy law to endorse the debtor's name and clear the insurance check in order to apply the proceeds to the debtor's loans. I gave the parties an opportunity to file memoranda on this issue and, having reviewed them, I conclude that the bank's conduct was lawful.

By Massachusetts statute:

> If the agreement between the creditor and debtor provides that the debtor is to obtain insurance protecting the collateral against fire, theft, collision or other hazards and naming the creditor as loss payee and if, prior to the repossession or surrender of the collateral, loss or damage occurs which would give rise to insurance proceeds under the terms of the policy in force, then *nothing in this section shall be deemed to limit the creditor's rights to so much of the insurance proceeds as does not exceed the fair market value of the collateral existing just prior to the loss or damage* and, if insurance as required by the agreement is not in force at the time of the loss or damage, nothing in this section shall be deemed to limit the creditor's rights in proceeding against any third party who is responsible for the loss or damage in the name of the debtor or otherwise.

2

M.G.L.A. 255 § 13J(d) (2001) (emphasis added).   When a mortgage is in default, as it was at all relevant times in this case, and a fire destroys the mortgaged property, the mortgagee can assert its rights with respect to the proceeds of the insurance policy as the intended third-party beneficiary of the policy.  *See Papamechail v. Holyoke Mut. Ins. Co.*, 8 Mass. App. Ct. 849, 851-53 (1979).

Under Massachusetts' version of the Uniform Commercial Code, "if an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them."   M.G.L.A. 106 § 3-110(d) (1998).   *See also Gill Equip. Co. v. Freedman*, 158 N.E.2d 863, 866 (Mass. 1959) (finding that, where a check was made payable to two parties, "[t]he indorsement of both of them was necessary to cash the check or otherwise to transfer it").

Here the bank endorsed the debtor's name under a power of attorney granted to the bank for this precise purpose. Both mortgages given by the debtor to the bank contained the following power:

> The Mortgagor hereby grants the Mortgagee *full power and authority* as attorney irrevocable of the Mortgagor to cancel or transfer such insurance, *to collect and endorse any check issued in the name of the Mortgagor and to retain any premium and to apply the same to the obligations secured thereby* (emphasis added).

A power of attorney granted by the insured in conjunction with the assignment of the insured's rights to unearned premiums, is not revoked by the insured's declaration of bankruptcy.  *In re U.S. Repeating Arms Co.*, 67 B.R. 990 (Bankr. D. Conn. 1986).

3

The Bank was entitled to apply the insurance proceeds toward repayment of the debtor's loans even to the point of endorsing the debtor's name on the insurance check. The debtor's motion is DENIED.

At Boston, Massachusetts this 27th day of September, 2016.

By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Nina M. Parker, Esq.
Parker and Associates
Winchester, MA
for Nadler & Darwish LLC

David M. Baker, Esq.
D. Baker Law Group, P.C.
Fall River, MA
for Mechanics Cooperative Bank